**FERGUSON v. PHILLIPPI**

———

(December 6, 1929.   Opinion and Decree.)

———

Legier, McEnerny & Waguespack, of New Orleans, attorneys for plaintiff, appellant.

John May, of New Orleans, attorney for defendant, appellee.

HIGGINS, J.   This is a suit for personal injuries and property damage resulting from an automobile collision between the automobiles of plaintiff and defendant on September 10, 1927, at 2 o'clock p. m., on

the Metairie road in Jefferson parish. Defendant denied liability and specially pleaded contributory negligence. There was judgment in favor of defendant, and plaintiff has appealed.

The evidence shows that plaintiff was driving his Dodge coupé automobile on the Metairie road in the direction of Shrewsbury, and that the defendant was driving his Studebaker touring car on the same road in the direction of New Orleans, so that the automobiles were going in opposite directions. When the plaintiff reached a point on the Metairie road where Duplessis and Stella streets intersect the Metairie road, he attempted to turn to his left into Duplessis street to go to the Metairie Golf Club. There was another automobile in front of plaintiff, proceeding in the same direction at the time. The defendant, seeing the plaintiff's car, which had crossed in front of him, attempted to avoid the accident by turning into Duplessis street, with the result that the front part of defendant's car struck the right rear part of plaintiff's. Both machines traveled several feet off the Metairie road before coming to a stop.

The evidence is conflicting as to how close defendant's car was to plaintiff's car at the time plaintiff attempted to turn into Duplessis street. Plaintiff contends that defendant's car was 60 or 75 feet away, and that he had held out his left hand as a signal that he was about to cross, and that, after the accident, he agreed to pay for plaintiff's damage. Defendant denies this, and contends that, when he was within 15 feet of plaintiff, plaintiff suddenly crossed in front of his car, and that this was the cause of the accident. Defendant also denies that, after the accident, he agreed to pay plaintiff the damages caused by the collision. Plaintiff and a traffic officer testified in his behalf, and defendant and his father, who was riding in his car at the time, testified in his behalf.

The trial court, after hearing the witnesses, reached the conclusion that plaintiff was at fault, and, in view of the conflicting testimony, we cannot say that the judge a quo was manifestly in error in his finding. In any event, the record convinces us that plaintiff was guilty of contributory negligence, which would bar his recovery.

For the reasons assigned, the judgment is affirmed.